```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      SOUTHERN DIVISION at PIKEVILLE
```

TERESA MAGGARD,                )
                               )
    Plaintiff,                )
                               ) Civil Action No. 07-4-JMH
                               )
v.                             )
                               )
MICHAEL J. ASTRUE, COMMISSIONER )  **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,            )
                               )
    Defendant.                )
                               )
                               )

                  **       **       **       **       ****

This matter is before the Court on cross motions for summary judgment [Record Nos. 9 and 10][1] on the plaintiff's appeal of the Commissioner's[2] denial of her application for a period of disability, disability insurance benefits, and supplemental security income. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

## I. Standard of Review

Judicial review of the Administrative Law Judge's ("ALJ")

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

[2] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), the Court has substituted Astrue for former Commissioner Jo Anne B. Barnhart as the defendant in this suit.

decision to deny disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the proper legal standards were applied. *Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). The Court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* The ALJ's decision must be affirmed if it is supported by substantial evidence, even if the Court might have decided the case differently. *Id.*

## II. Factual and Procedural History

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on February 12, 2004, for which she received a protective filing date of February 9, 2004. Plaintiff alleged her disability is due to back pain, varicose veins, kidney and colon problems, depression, anxiety, and nervousness. The claims were initially denied on June 7, 2004, and also upon reconsideration on August 17, 2004. Thereafter, Plaintiff timely requested a hearing before Administrative Law Judge ("ALJ") Tinsley. The plaintiff and Dean

W. Owen, an impartial vocational expert witness ("VEW"), appeared and testified at a hearing held on January 27, 2006 in Prestonsburg, Kentucky. After receiving an unfavorable ruling from the ALJ, Plaintiff initiated this appeal.

In determining disability, the ALJ conducts a five-step analysis pursuant to 20 CFR §§ 404.120 and 416.920. First, the ALJ determines whether the plaintiff is performing substantial gainful activity. Second, the ALJ determines whether one or more of the plaintiff's impairments are "severe." For the third step, the ALJ analyzes whether the plaintiff's impairments meet or equal a listed impairment. At step four, the ALJ determines whether the plaintiff can perform past relevant work. Once it has been determined that the plaintiff cannot perform past relevant work, the burden shifts to the Commissioner to prove that a significant number of other jobs that Plaintiff can perform exist in the national and local economies. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520. "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

After reviewing the medical evidence, hearing testimony, and completing all steps of the analysis, ALJ Tinsley found the plaintiff not disabled, stating that there are a significant number

3

of jobs that can be retained with the plaintiff's qualifications and performance capability based on her residual functional capacity to perform light exertional level jobs. The ruling that Plaintiff has a residual functional capacity for light work was based upon the findings that Plaintiff has severe depression, anxiety, and back and leg pain, but only non-severe impairments from hypertension, obesity, and colon and kidney impairments. The light work residual functional capacity was limited to the ability to lift or carry 20 pounds occasionally and 10 pounds frequently; avoidance of vibration; and limited contact with the public.

### III. Legal Analysis

Plaintiff argues that the ALJ's determination that she could perform light work is unsupported by substantial evidence. The plaintiff does not dispute that ALJ Tinsley accurately assessed steps 1 through 4; however, she disputes the analysis of step 5, regarding the her residual functional capacity. Although a claimant generally continues to have the burden of proving disability, at step 5, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled, at this step, the Social Security Administration is responsible for providing evidence which demonstrates other work exists in significant numbers in the national economy for which Plaintiff can perform, given her residual functional capacity, age, education, and work

experience. Such evidence was provided by the VEW.

As grounds for her claim that the ALJ's decision is not supported by substantial evidence, Plaintiff challenges the hypothetical question ALJ Tinsley posed to the VEW. While Plaintiff agrees that substantial evidence may be demonstrated through the reliance on a VEW's testimony, she argues that, here, the hypothetical question submitted to the VEW did not accurately portray her physical and mental impairments. *See Varley v. Sec'y of Health and Human Serv's.*, 820 F.2d 777 (6th Cir. 1987). However, this is not a well-grounded contention, because it is the law of this Circuit that a hypothetical question is proper when it "reflect[s] the specific capacity and limitations established by the record as a whole," and it need not "incorporate every specific limitation on which evidence was presented." *Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001). ALJ Tinsley's hypothetical accurately reflected Plaintiff's condition as a whole when he asked the VEW to consider a person of Plaintiff's age, education, work experience and residual functioning capacity.

The plaintiff also suggests the ALJ misconstrued the basis for the functional limitations recited in the state agency opinions, arguing that if he had accurately analyzed all of the state opinions, ALJ Tinsley would not have issued an unfavorable decision. Plaintiff argues the state agency opinions demonstrate that she has a more restricted residual functional capacity than

5

that determined by the ALJ. She points to portions of the opinions which indicate limitations prohibiting her from using ladders, ropes, and scaffolds; and that she can only occasionally stoop, kneel, and crawl. Plaintiff's argument that the evidence suggests she cannot perform light work is without merit. The limitations suggested by the state agency opinions would not preclude Plaintiff from performing light work, as light work does not involve use of ladders, ropes, or scaffolds, or frequent stooping, kneeling or crawling. *See* SSR 83-14, 1983 WL 31254(S.S.A.).

*Foster* held there is a zone of choice reserved for the Commissioner, and the Court is only to consider if there was substantial evidence for the ALJ's decision, regardless if there is substantial evidence to support a different conclusion. *Id.* at 348. The VEW was asked: "Does a person of the claimant's age, education, work experience, and residual functional capacity have the qualifications to obtain a significant number of existing jobs in the national economy?" In response, the VEW provided nationally and regionally relevant statistical evidence of job availability pertaining to Plaintiff's qualifications of both light work and sedentary level occupations. For light work, 750,000 product inspector/quality inspector jobs exist nationally, with 80,000 available regionally. The VEW also indicated that light work is available as a machine operator, with 1,700,000 nationally and 160,000 jobs regionally. Any reasonable mind might accept the

6

relevant evidence presented by VEW as support for finding the plaintiff is not disabled. The foregoing confirms that the ALJ's decision was founded on substantial evidence.

### IV. Conclusion

There was sufficient evidence for ALJ Tinsley's decision to deny Plaintiff a period of disability, disability benefits, and supplemental security income. Accordingly, and for the foregoing reasons,

**IT IS ORDERED** herein as follows:

(1) That the Commissioner's motion for summary judgment [Record No. 10] be, and the same hereby is, **GRANTED;** and

(2) That the plaintiff's motion for summary judgment [Record No. 9] be, and the same hereby is, **DENIED.**

This the 13th day of June, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge